1 | David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
2 | PERKINS COIE LLP
505 Howard Street, Suite 1000
3 | San Francisco, California 94105
Telephone: 415.344.7000
4 | Facsimile:  415.344.7050

5 | Charles C. Sipos, *Pro Hac Vice*
CSipos@perkinscoie.com
6 | Lauren Watts Staniar, *Pro Hac Vice*
LStaniar@perkinscoie.com
7 | PERKINS COIE LLP
1201 Third Avenue, Suite 4900
8 | Seattle, Washington 98101-3099
Telephone: 206.359.8000
9 | Facsimile:  206.359.9000

10 | Attorneys for Defendant Campbell
Soup Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KYLE BANTA YOSHIDA, ANTHONY MANCUSO, and ASHLEY MISTLER, on behalf of themselves, those similarly situated, and the general public;<br><br>Plaintiffs,<br><br>v.<br><br>CAMPBELL SOUP COMPANY,<br><br>Defendant. | Case No. 3:21-cv-09458-JD<br><br>**CAMPBELL SOUP COMPANY STATEMENT OF RECENT DECISION**<br><br>Civil L.R. 7-3<br><br>Judge:     Hon. James Donato |

| | |
|---|---|
| 1 | Pursuant to Civil Local Rule 7-3(d) and in support of Defendant Campbell Soup Company's Motion to Dismiss (ECF No. 24), Campbell respectfully submits the following relevant judicial opinion published after the date Campbell's reply memorandum was filed with the Court: The Southern District of California decision in *Andrade-Heymsfield v. Nextfoods, Inc.*, 3:21-cv-01446-BTM-MSB (S.D. Cal., Apr. 27, 2022) (Order on Motion to Dismiss). A copy of the April 27, 2022, Order is attached hereto has Exhibit A. |

DATED: April 29, 2022         **PERKINS COIE LLP**

By: */s/ Charles C. Sipos*
David T. Biderman (Cal. Bar No. 101577)
DBiderman@perkinscoie.com
Charles C. Sipos (*pro hac vice*)
CSipos@perkinscoie.com
Lauren W. Staniar (*pro hac vice*)
LStaniar@perkinscoie.com

Attorneys for Defendants
CAMPBELL SOUP COMPANY

# Exhibit A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVLYN ANDRADE-HEYMSFIELD, on behalf of herself, all others similarly situated, and the general public,<br><br>                           Plaintiffs,<br>v.<br>NEXTFOODS, INC.,<br>                           Defendant. | Case No.: 3:21-cv-01446-BTM-MSB<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**[ECF NO. 7]** |

    Pending before the Court is Defendant NextFoods, Inc.'s ("NextFoods") motion to dismiss the complaint for failure to state a claim. (ECF No. 7 ("Mot.").)[1] For the reasons discussed below, the Court grants the motion.

## **BACKGROUND**

    Plaintiff Evlyn Andrade-Heymsfield on behalf of herself and all others similarly situated, and the general public, filed the complaint against Defendant

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

1  NextFoods alleging violations of the Unfair Competition Law, Cal. Bus. & Prof.
2  Code §§ 17200 et seq. ("UCL"), False Advertising Law, Cal. Bus. Prof. Code §§
3  17500 et seq. ("FAL"), Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750,
4  et seq. ("CLRA"), and breaches of express and implied warranties under California
5  law, Cal. Com. Codes §§ 2313(1), 2314. The complaint alleges NextFoods sells a
6  line of fruit juice beverages branded "GoodBelly Probiotic JuiceDrinks" marketed
7  as "promoting digestive health, as well as 'overall' health and wellness" through
8  label statements "that expressly or implicitly convey the message that the
9  JuiceDrinks are healthy." (ECF No. 1 ("Compl."), 1, 3 (¶ 10).)

The complaint alleges Plaintiff "started purchasing 32 oz. cartons of the JuiceDrinks in 2018, and continued to purchase the products until around the middle of 2019." (*Id.* at 27 (¶ 76).) Plaintiff recalls making purchases at Sprouts Farmers Market located at 9361 Mission Gorge Road, Santee, California 92071 for approximately $3 to $5 per carton. (*Id.*) According to Plaintiff, she relied on NextFood's labeling claims when deciding to purchase the drinks. (*Id.* (¶ 77).) In particular, Plaintiff read and relied on the following statements on the product's packaging:

a. "START YOUR GOODHEALTH GAME PLAN . . . Drink one 8 oz. glass of delicious GoodBelly a day for 12 days.";

b. "Reboot your belly, then make GoodBelly your daily drink to keep your GoodHealth going. Because when your belly smiles the rest of you does too";

c. "WE DIG SCIENCE. LP299V is naturally occurring in the human gut. It has been studied more than 2 decades and has numerous research trials to show that it may help promote healthy digestion and overall wellness"; and

d. "GoodBelly Probiotics is a delicious blend of fruit juices and a daily dose of probiotic cultures created to naturally renew your digestive health, right where your overall health gets started – in your belly."

(*Id.*)

Plaintiff alleges these statements are deceptive because they convey that the juice drinks are "healthy and will not detriment health" yet the drinks contain "excessive amounts of free sugar." (*Id.* (¶ 78).) The complaint cites numerous studies that purportedly link excess sugar consumption and/or juice consumption to an increased risk of metabolic disease, cardiovascular disease, type 2 diabetes, liver disease, obesity, high blood triglycerides and abnormal cholesterol levels, hypertension, and mortality. (*Id.* at 5-24.) The complaint alleges that an average and reasonable consumer is "unaware of the extent to which consuming high amounts of free sugar adversely affects blood cholesterol levels and increases risk of disease." (*Id.* at 28 (¶ 82).)

The complaint further alleges that the juice drinks cost more than similar products, resulting in NextFoods gaining a "greater share of the juice market," and that the drinks would have cost less absent the alleged misleading statements and omissions with respect to the drinks' health benefits. (*Id.* (¶¶ 85, 86).) Plaintiff asserts that she would purchase the juice drinks again "if she could trust that the health and wellness claims were true and not false or misleading." (*Id.* (¶ 93).) Plaintiff seeks an injunction against NextFoods, disgorgement, restitution, and compensatory damages.

NextFoods now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, each pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).

A complaint may survive a motion to dismiss only if it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

In addition, a plaintiff who alleges fraud must meet the heightened pleading requirements of Rule 9(b). Under that Rule, a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires the pleader to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and citations omitted). Even if fraud is not a necessary element of a claim, the plaintiff must still comply with Rule 9(b) if she "allege[s] in the complaint that the defendant has engaged in fraudulent conduct." *Vess v. Ciba-Geigy Corp.* USA, 317 F.3d 1097, 1103 (9th Cir. 2003). This is true when the plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." *Id*. This renders the claim "grounded in" or "sounding in" fraud. *Id.* A claim grounded in fraud must meet the heightened pleading requirements of Rule 9(b). *Id.* at 1103-04

When a motion to dismiss is granted, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Velez v. Cloghan Concepts LLC*, 387 F. Supp. 3d 1072, 1078 (S.D. Cal. 2019) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).

## DISCUSSION

### 1. Rule 9(b) Heightened Pleading Standard

NextFoods claims the complaint fails to meet the heightened pleading standards required by Rule 9(b) and therefore Plaintiff has failed to state plausible claims. Specifically, NextFoods contends the complaint contains qualified allegations, including phrases like "as best she can recall," in alleging Plaintiff purchased the juice drinks, which varieties were purchased, when the purchases were made, and whether Plaintiff relied on the challenged labels at the time she made her purchases. Plaintiff responds that her allegations are not too vague, and, given the theory on which she bases her allegations, can proceed against all juice drink varieties.

Because Plaintiff's UCL, FAL, and CLRA causes of action are grounded in fraud, the complaint must meet Rule 9(b)'s heightened pleading requirements. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). The complaint explicitly alleges that Plaintiff "purchased the JuiceDrinks" at local stores like Sprouts Farmers Market for "approximately $3 to $5 per carton," and that she relied on the specified statements in making her purchases. (Compl., 27 (¶¶ 76-77).) The alleged time period of the purchases, from 2018 "until around the middle of 2019," (*Id*. ¶ 76), is likewise sufficient given the specificity of other factors like product, location, and price. *See United States v. Hempling*, 431 F.Supp. 2d 1069, 1078 (E.D. Cal. 2006) (Rule 9(b)'s particularity requirement less stringently applied to allegations of fraud over a period of time).

Plaintiff also challenges all juice drink varieties and alleges each contain the

challenged statements on the labels as well as similar ingredients, although the amount of sugar may vary. The Court "considers whether there are substantial similarities in the accused products and whether there are similar misrepresentations across [unpurchased] product lines." *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 870 (N.D. Cal. 2012). At its core, Rule 9 exists to provide defendants notice of the specific misconduct with which they have been accused. *Kearns*, 567 F.3d at 1124. In that light, the Court finds no legal significance that some juice varieties have different amounts of sugar or slightly different ingredients. Plaintiff has met the 9(b) requirements by pleading the "who, what, when, where, and how" sufficient to put NextFoods on notice of the conduct the complaint challenges. *Id.*

### 2. UCL, FAL, and CLRA Claims

"California's Unfair Competition Law [] prohibits any 'unlawful, unfair or fraudulent business act or practice.'" *Williams v. Gerber Prods. Co.*, 523 F.3d 934, 938 (9th Cir. 2008). The false advertising law prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. and Prof. Code § 17500. "'[A]ny violation of the false advertising law . . . necessarily violates' the UCL." *Kasky v. Nike, Inc.* 27 Cal.4th 939, 950 (2002) (quoting *Comm. on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 210 (1983)). "California's Consumer Legal Remedies Act [] prohibits 'unfair methods of competition and unfair or deceptive acts or practices.'" *Williams*, 523 F.3d at 938.

NextFoods argues the complaint should be dismissed because a reasonable consumer would not be misled by the challenged statements as the product labels prominently disclose the amount of sugar and added sugar in the drinks. According to NextFoods, Plaintiff has not alleged a plausible theory because she has not proven the drinks contain excessive sugar and has not tied the cited studies in the complaint to the drinks. Furthermore, NextFoods claims some of the challenged statements amount to nonactionable "puffery." The Court will address these claims

in turn.

**a. Reasonable Consumer**

Plaintiff's UCL, FAL, and CLRA claims are governed by the "reasonable consumer" standard. *Williams*, 523 F.3d at 938. Plaintiff must allege that the statements on the juice drink labels are "likely to deceive" members of the public. *Kasky*, 27 Cal.4th at 951. "This requires more than a mere possibility that [the statements] 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). The California Supreme Court has recognized these consumer protection laws "prohibit 'not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Kasky*, 27 Cal.4th at 951 (quoting *Leoni v. State Bar*, 39 Cal.3d 609, 626 (1985)). Whether the statements are deceptive will usually be a question of fact. *Williams*, 523 F.3d at 939. However, motions to dismiss have been granted in instances where consumers claimed they were misled by packaging and advertising about a product's healthiness where the product accurately disclosed the sugar content. *See, e.g., Truxel v. General Mills Sales, Inc.*, 2019 Dist. LEXIS 144871, *10 (N.D. Cal. 2019), *Clark v. Perfect Bar, LLC*, 2018 Dist. LEXIS 219487, *1-2 (N.D. Cal. 2018).

Here, members of the public would not likely be deceived by the juice drink labels. Fairly read, and taking into account the context of the whole label, the juice drinks claim to promote digestive health via the probiotics in the drinks. Any reference to "overall" health or wellness is related to claims that digestive health may impact on overall wellness. (Compl., 4 (¶ 12).) Further, any sugar content is clearly labeled on the packaging. Plaintiff claims disclosing the sugar content will not save the drinks from allegations of deceptive and misleading labeling, citing *Williams*. In *Williams*, the Ninth Circuit disagreed with the district court "that reasonable consumers should be expected to look beyond misleading

representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Williams*, 523 F.3d at 939. But *Williams* has been construed to mean *if* the packaging is deceptive, the presence of fine print ingredients revealing the truth will not dispel that deception. *Ebner*, 838 F.3d at 966 ("[s]tated straightforwardly, *Williams* stands for the proposition that *if* the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception."). Here, there is no deception to dispel. While Plaintiff quibbles with other district courts' applications of *Williams* in similar cases like *Truxel* and *Clark*, the Court is persuaded that *Williams* was properly applied. (ECF No. 9 ("Pl.'s Resp."), 5-6.) Because the sugar content is not inconsistent with the representations on the juice drinks' packaging promoting digestive health, the public will not likely be misled into believing the juice drinks are "healthier" than fairly advertised. *See Ebner*, 838 F.3d at 966 (weight label was not deceptive in part because it did not contradict other representations or inferences on the product's packaging); *see also Andrade-Heymsfield v. Danone US, Inc.*, 2019 U.S. Dist. LEXIS 137667, *25 (S.D. Cal. 2019) (reasonable consumer understands that "[c]ommon sense dictates that an overall healthful diet is also necessary").

Plaintiff essentially alleges a bait and switch – instead of a health-promoting drink, NextFoods sells a sugar-sweetened beverage scientifically linked to disease, thereby exposing Plaintiff to harm and unreasonably obtaining a market share greater than its value. In support of her theory, Plaintiff cites numerous scientific studies linking excessive sugar consumption to various diseases.[2]

---

[2] NextFoods requests the Court to take judicial notice of Plaintiff's cited studies. (Mot. at 11 n.3). The Court may take notice of those documents without converting the Rule 12(b)(6) motion into one for summary judgment. *Davis v. HSBC Bank*, 691 F.3d 1152, 1160 (9th Cir. 2012). However, it would be inappropriate to determine the weight of those studies. That Plaintiff has failed to allege a plausible theory is enough for dismissal at this stage without considering the merits of the studies. The Court need not apply the studies to determine if the juice drinks contain excess sugar or determine if there is a significant difference between "free sugar" and "added sugar," as NextFood argues.

However, because a reasonable consumer would not mistakenly believe the product is promoting that sugar is good for health, or that the product promises overall health in spite of the sugar, Plaintiff's theory is ultimately implausible. "[A]llegations of deception must be assessed according to what the advertisement or label depicts and actually says, and not allegations of implied meaning." *Andrade-Heymsfield*, 2019 Dist, LEXIS at *22-23 (citing *Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (2003)).

Relying on *Krommenhock v. Post Foods, LLC*, Plaintiff claims that it would be inappropriate to dismiss the case at this stage because Plaintiff has provided studies that support her claim that excessive sugar consumption is dangerous. *Krommenhock v. Post Foods, LLC*, 255 F.Supp.3d 938, 963 (N.D. Cal. 2017). But unlike in *Krommenhock*, where the court determined that plaintiff's studies were relevant to the case's theory that the cereal boxes promoted overall health despite high added sugar content, a "mismatch" exists here. *See Kardovich v. Pfizer*, 97 F.Supp.3d 131, 137-38 (E.D.N.Y. 2015) (finding scientific studies relied on by plaintiff for fraudulent conduct allegations did not undercut statements made on product). Plaintiff's theory is not premised on the competing harms of probiotics and sugar, and the juice drink labels cannot reasonably be read to promise overall health. Similarly, Plaintiff's reliance on *Hanson v. Welch Foods, Inc.* is misplaced. In *Hanson*, the fruit juice product at issue contained labeling claims that consuming fruit juice helps promote or support a "healthy heart," but the plaintiff provided studies concluding that juice consumption actually increases the risk of cardiovascular issues, among other diseases. *Hanson v. Welch Foods Inc.*, 470 F.Supp.3d 1066, 1074 (N.D. Cal. 2020). Here, Plaintiff is not challenging the primarily advertised ingredient, the probiotics, or even the product's promotion of digestive health, but is instead challenging the allegedly nefarious sugar content or the omission of a sugar disclaimer. While Plaintiff claims NextFoods fails to disclose the harm of sugars, rendering the packaging misleading, the product is

clearly not claiming that sugar is healthy or that the product is low in sugar. *See Andrade-Heymsfield*, 2019 Dist. LEXIS at *24 ("Plaintiffs' contentions that Danone intentionally omits material information regarding the dangers of consuming Coconut Milk are dependent on a mischaracterization of the Coconut Milk being advertised to reduce osteoporosis which is simply not the case.").

Moreover, Plaintiff is not claiming that the juice drinks actually harm digestive health despite promoting that they will help digestion, or that they claim to lessen risks of the diseases purportedly linked to excess sugar consumption. *Silver v. BA Sports Nutrition, LLC*, 2020 Dist. LEXIS 99320, *18-26 (N.D. Cal. 2020). In fact, Plaintiff alleges a similar theory rejected in *Silver* – that promoting good digestion implies good health, but because the juice drinks are high in sugar, they are actually detrimental to overall health. *Id*. However, a reasonable consumer would not be misled given that the sugar content is clear, explicit, and otherwise not contrary to the promotion of digestive health promoted on the packaging label.

**b. Puffery**

The complaint must also be dismissed because some of the challenged statements amount to puffery. "'[G]eneralized, vague, and unspecified assertions[] constitute[e] 'mere puffery' upon which a reasonable consumer could not rely,' and thus are not actionable under the UCL, FAL, or CLRA." *Hadley v. Kellogg Sales Co.*, 273 F.Supp.3d 1052, 1081 (N.D. Cal. 2017) (internal citations omitted). "Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim." *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008). "Therefore, when evaluating whether statements are puffery, the Court must look to the generality and specificity of the statements and evaluate whether a significant portion of the general consuming public 'could' be misled." *Hadley*, 723 F.Supp.3d at 1082. Furthermore, in order to assess whether a statement is puffery, it must be considered in the context of the whole label. *Krommenhock*, 255 F.Supp.3d at 965.

Two of the four statements Plaintiff alleges to be misleading are puffery and cannot be relied upon by a reasonable consumer. "START YOUR GOODHEALTH GAME PLAN . . . Drink one 8 oz. glass of delicious GoodBelly a day for 12 days" is vague and unclear. (Compl., 27 (¶ 77).) What is a "GOODHEALTH GAME PLAN?" *See Silver*, 2020 U.S. Dist. LEXIS at *11 (product claims that are vague and highly subjective amount to nonactionable puffery). The statement's prescription to drink eight ounces of the juice drink is not a claim but a recommended consumption method. Even when read in the context of the whole label, no further clarity is given to the statement other than recommending the consumer to sign up for coupons and a "money back guarantee." (Compl., 4 (¶ 12).) Likewise, the statement "Reboot your belly, then make GoodBelly your daily drink to keep your GoodHealth going[,] Because when your belly smiles the rest of you does too" suffers the same vagueness problem and does not clarify "GOODHEALTH GAME PLAN." (Compl., 27 (¶ 77).) These are not factual representations that can be quantified or meaningfully challenged, rendering them unactionable. *Silver*, 2020 U.S. Dist. LEXIS at *11. This case is not akin to *Williams*, where Ninth Circuit declined to give the defendant the benefit of the doubt where the label claimed the snack was "nutritious," despite conceivably constituting puffery, where the word contributed to the deceptive context of the whole packaging. *Williams*, 523 F.3d at 939 n.3. Here, the juice drinks' packaging is not otherwise deceptive, and the statements do not amount to anything specific or concrete relevant to Plaintiff's claim.

The other two challenged statements, "WE DIG SCIENCE. LP299V is natural occurring in the human gut. It has been studied more than 2 decades and has numerous research trials to show that it may promote healthy digestion and overall wellness" and "GoodBelly Probiotics is a delicious blend of fruit juices and a daily dose of probiotic cultures created to naturally renew your digestive health, right where your overall health gets started – in your belly," are not necessarily

11

puffery. (Compl., 27 (¶ 77).) However, as explained, Plaintiff proceeds with a theory mismatched to the actual claim on the label. Plaintiff does not allege that probiotics are harmful to digestion or overall health. In that light, no reasonable consumer would be misled.[3]

### 3. Express and Implied Warranty Claims

The complaint alleges that NextFoods breached express and implied warranties under California law. NextFoods argues the complaint fails to state a claim for a breach of either warranty because it does not specify which statements constituted a warranty or that Plaintiff relied on the warranty. Further, NextFoods claims Plaintiff lacks privity or a physical injury necessary to state a claim for breach of implied warranty of merchantability.

### a. Express Warranty

Under California Commercial Code § 2313, "[t]o prevail on a breach of express warranty claim, a plaintiff must prove that the seller (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877, 893 (C.D. Cal. 2013). To satisfy the first element, the plaintiff must "'identify a specific and unequivocal written statement' about the product that constitutes an 'explicit guarantee[].'" *Arroyo v. TP-Link USA Corp.*, 2015 U.S. Dist. LEXIS 133473, *26 (N.D. Cal. 2015) (citations omitted). Statements that amount to puffery cannot be the basis for an express warranty violation claim. *Viggiano*, 944 F. Supp. 2d at 894.

The complaint does not allege which specific statements formed a warranty.

---

[3] The Court notes that the reference to "overall wellness" on the packaging is asterisked to the statement, "[s]upports healthy digestion." (Compl., 4 (¶ 12).) While qualifying language alone will not support dismissal at this stage of the proceedings, when considering the foregoing, it further undermines Plaintiff's claims that the public would reasonably be misled. *Johns v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 62804, *12 (S.D. Cal. 2010).

*See Krommenhock*, 255 F.Supp.3d at 966 ("[T]he products whose labels allegedly contain the challenged statements are not identified in the warranty sections of the FAC [First Amended Complaint], making it hard to identify which of the 90 statements go together to form a warranty for a specific product."). To the extent Plaintiff bases her breach of express warranty claim on the same statements underlying the UCL, FAL, and CLRA claims, as the Court explained, two of those statements amount to puffery. As such, the express warranty violation allegations are dismissed.

### b. Implied Warranty of Merchantability

Under California Commercial Code § 2314, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . . Goods to be merchantable must be at least such as . . . are fit for the ordinary purposes for which such goods are used; and . . . conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314. To state a claim for breach of implied warranty under California law, a plaintiff "must stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). However, for implied warranty claims, an exception has been made "in cases involving foodstuffs, where it is held that an implied warranty of fitness for human consumption runs from the manufacturer to the ultimate consumer." *Hammock v. Nutramarks, Inc.*, 2016 U.S. Dist. LEXIS 124240, *13 (S.D. Cal. 2016). Therefore, although Plaintiff did not purchase the product directly from NextFoods, Plaintiff has met the privity requirement as a consumer of the juice drinks.

Still, Plaintiff's implied warranty claim must be dismissed because the complaint fails to allege a physical injury. *Hammock*, 2016 U.S. Dist. LEXIS at 15-16. Plaintiff does not allege she became sick or injured by consuming the drink, only that it did not perform as advertised. *Cf. Klein v. Duchess Sandwich Co.*, 14

1  Cal. 2d 272, 283 (1939) (permitting plaintiff, who became ill after eating a sandwich
2  infested with maggots, to assert a breach of implied warranty claim, noting "food
3  which is covered in 'maggots' is not wholesome, nor fit for human consumption").
4  Plaintiff's allegation that the juice drinks are "generally harmful to health" due to an
5  increased risk of disease is too speculative to support a claim of injury or that the
6  juice drinks are unfit for human consumption. *Hammock*, 2016 U.S. Dist. LEXIS at
7  15-16 (policy behind California's privity exception for foodstuffs did not apply to a
8  product fit for human consumption).

### 4. Standing for Injunctive Relief

"The Ninth Circuit has identified two circumstances where plaintiffs in false or misleading labeling cases may seek injunctive relief: (i) where plaintiffs 'would like to' buy the product again but 'will not' because they 'will be unable to rely on the product's advertising or labeling' without an injunction; or (ii) where the consumer 'might purchase the product in the future' because they 'may reasonably, but incorrectly, assume the product was improved.'" *Krommenhock v. Post Foods, LLC*, 2020 Dist. LEXIS 40463, *35 (N.D. Cal. 2020) (quoting *Davidson*, 889 F.3d at 970). Courts in this circuit have rejected an overly narrow standing analysis in the consumer protection context. *See In re Yahoo Mail Litig.*, 2015 U.S. Dist. LEXIS 68585, *21 (N.D. Cal. 2015).

Plaintiff alleges she would purchase the juice drinks again if she could trust that the health and wellness claims were true and not false or misleading. (Compl., 29 (¶ 93).) However, Plaintiff has premised her case on the allegation that the juice drinks are harmful to her health and contain excess sugar. In that light, Plaintiff's conclusory allegation that she would purchase the drinks again is insufficient to support standing for injunctive relief.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to

1 dismiss.[4] It is not clear to the Court whether Plaintiff will be able to state a claim in light of the Court's conclusions. However, the Court will grant plaintiff leave to amend. Plaintiff must file an amended complaint on or before **May 27, 2022** to remedy the deficiencies discussed in this order. Failure to do so will result in a final judgment of dismissal.

**IT IS SO ORDERED.**

Dated:  April 27, 2022

Honorable Barry Ted Moskowitz
United States District Judge

---

[4] In light of the foregoing, the Court need not address NextFood's argument that Plaintiff has failed to state a claim for restitution because Plaintiff's UCL, FAL, and CLRA claims are dismissed for failure to state a plausible claim.