UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KYLE BANTA YOSHIDA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CAMPBELL SOUP COMPANY,<br><br>　　　　　Defendant. | Case No.  3:21-cv-09458-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Defendant Campbell Soup Company's request to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) is granted. Dkt. No. 24. The complaint alleges that the sugars occurring naturally in the fruits and vegetables used in Campbell's V8 juices make label phrases such as "boost your morning nutrition" and "healthy greens" deceptive to consumers. *See* Dkt. No. 1 ¶1. The juices do not contain added sugars, and the complaint's claims are based solely on the sugars present in the plant ingredients.

No reasonable consumer would be misled by the challenged phrases because the actual sugar content is plainly stated on the labels, along with disclosures of beneficial vitamin and nutrient content. Consequently, a reasonable consumer would have all the information he or she needed to decide whether the juices are a net benefit or detriment to personal health. While it is true that the question of consumer deception is often a factual matter unsuitable for resolution in a pleadings motion, *see Milan v. Clif Bar & Co.*, Case No. 18-cv-02354-JD, 2019 WL 3934918 at *2 (N.D. Cal. Aug. 20, 2019), plaintiff Yoshida still has the initial burden of pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" as informed by "judicial experience and common sense." *Cannara v. Nemeth*, 467 F. Supp. 3d 877, 882 (N.D. Cal. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)), *aff'd*, 21 F.4th 1169 (2021). The complaint did not cross this threshold. *Milan* does not compel a different outcome because it involved added sugars and other facts distinguishable from the circumstances alleged here.

1   Yoshida may file an amended complaint by June 21, 2022.  A failure to meet this deadline
2   will result in a dismissal of the case with prejudice under Federal Rule of Civil Procedure 41(b).
3   The Court reaches no conclusion about whether any of the challenged statements are improper
4   health statements, but to the extent Yoshida does seek to allege that Campbell made an improper
5   health statement vis-à-vis naturally occurring sugars in the juices, the claims may not be viable.
6   *See* 21 U.S.C. § 343-1(a); 21 CFR § 101.14(a); 21 C.F.R. § 101.65(d); *see also Clark v. Perfect*
7   *Bar, LLC*, 816 F. App'x 141, 143 (9th Cir. 2020) (unpublished).  Campbell's request for judicial
8   notice, Dkt. No. 25, is denied.

**IT IS SO ORDERED.**

Dated:  May 27, 2022

JAMES DONATO
United States District Judge