David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile:  415.344.7050

Charles C. Sipos, *Pro Hac Vice*
CSipos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: 206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendant Campbell
Soup Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KYLE BANTA YOSHIDA, ANTHONY MANCUSO, and ASHLEY MISTLER, on behalf of themselves, those similarly situated, and the general public; <br><br> Plaintiffs, <br><br> v. <br><br> CAMPBELL SOUP COMPANY, <br><br> Defendant. | Case No. 3:21-cv-09458-JD <br><br> DEFENDANT CAMPBELL SOUP COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT <br><br> [Fed. R. Civ. P. 12(b)(1) & 12(b)(6)] <br><br> Date:           September 15, 2022 <br> Time:          10:00 a.m. PT <br> Courtroom:  Courtroom 11, 19th Floor <br> Judge:         Hon. James Donato |

1

2              **<u>NOTICE OF MOTION & MOTION</u>**

3      TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

4          PLEASE TAKE NOTICE that on September 15, 2022, at 10:00 a.m., or as soon thereafter

5  as the matter may be heard in the courtroom of the Honorable James Donato, located at 450 Golden

6  Gate Avenue, San Francisco, CA 94102, Courtroom 11 – 19th Floor, or in Judge Donato's virtual

7  courtroom, Defendant Campbell Soup Company will and hereby does move, pursuant to Federal

8  Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss Plaintiffs' First Amended Complaint

9  ("FAC").

10         This motion is made on the following grounds: (1) the FAC fails to allege a theory of

11 deception that is plausible or that satisfies the applicable "reasonable consumer" standard; (2) the

12 FAC is expressly preempted by federal law; (3) Plaintiffs are unentitled to the FAC's requested

13 forms of equitable relief; and (4) the FAC should be dismissed with prejudice because of the futility

14 of further amendment and Plaintiffs' prior opportunities to amend.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

**Page**

3   I.    INTRODUCTION ................................................................................................. 1

4   II.   FACTUAL BACKGROUND .............................................................................. 2

5         A.   The Court Dismissed the Initial Complaint as Implausible. ................................ 2

6         B.   The FAC Alleges Consumers Mistakenly Believe the V8 Juices Are the
               Same as Whole Fruits and Vegetables. .................................................... 4

7

8   III.  STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3)) .................................... 6

9   IV.   STANDARD OF REVIEW ................................................................................ 6

    V.    ARGUMENT ................................................................................................. 7
10
          A.   No Reasonable Consumer Is Misled by the V8 Juices' Labels. ............................ 7
11
          B.   Plaintiffs' Claims Are Preempted. ........................................................ 12
12
          C.   Plaintiffs Are Not Entitled To Their Requested Equitable Remedies.................. 14
13
          D.   The FAC Should Be Dismissed With Prejudice. ................................................ 15
14
    VI.   CONCLUSION ............................................................................................. 15
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

CASES

4

*Ashcroft v. Iqbal*,
5
    556 U.S. 662 (2009) ............................................................................................6

6
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................6
7

*Brady v. Bayer Corp.*,
8
    26 Cal. App. 5th 1156 (2018) ...........................................................................7

9
*Brodsky v. Apple, Inc.*,
10
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ...........................................................15

11
*Cattaneo v. Am. Airlines, Inc.*,
    2015 WL 5610017 (N.D. Cal. Sept. 24, 2015) ..............................................15
12

*Chuang v. Dr Pepper Snapple Grp., Inc.*,
13
    2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ..............................................11

14
*Clark v. Perfect Bar, LLC*,
15
    2018 WL 7048788 (N.D. Cal. Dec. 21, 2018) ................................................9

16
*Clark v. Perfect Bar, LLC*,
    816 F. App'x 141 (9th Cir. 2020) ...........................................................3, 13, 14
17

*Collette v. Wyeth Pharm., Inc.*,
18
    2020 WL 3414701 (Donato, J.) (N.D. Cal. Jun. 22, 2020) ...........................15

19
*Davidson v. Kimberly-Clark Corp.*,
    873 F.3d 1103 (9th Cir. 2017), *as amended on denial of reh'g en banc*, 889
20
    F.3d 956 (9th Cir. 2018) ..................................................................................14

21
*Ebner v. Fresh, Inc.*,
22
    838 F.3d 958 (9th Cir. 2016) .............................................................................7

23
*Hadley v. Kellogg Sales Co.*,
    273 F. Supp. 3d 1052 (N.D. Cal. 2017) .........................................................14
24

*In re Adamson Apparel, Inc.*,
25
    785 F.3d 1285 (9th Cir. 2015) .........................................................................12

26
*Johnson v. Trumpet Behav. Health, LLC*,
27
    2022 WL 74163 (N.D. Cal. Jan. 7, 2022) ......................................................15

28

3:21-CV-09458-JD
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

4

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ................................................................................6

5

*Manchouk v. Mondelez Int'l Inc.*,
   2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) .......................................................8

6

7

*Moore v. Mars Petcare US, Inc.*,
   966 F.3d 1007 (9th Cir. 2020) ...............................................................................7

8

9

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) .........................................................................7, 10, 11

10

*Painter v. Blue Diamond Growers*,
   2017 WL 4766510 (C.D. Cal. May 24, 2017) .......................................................8

11

12

*Painter v. Blue Diamond Growers*,
   757 F. App'x 517 (9th Cir. 2018) ...................................................................1, 8, 9

13

14

*Parks v. Ainsworth Pet Nutrition, LLC*,
   2020 WL 832863 (S.D.N.Y. Feb. 20, 2020) ..........................................................7

15

*Shaeffer v. Califia Farms, Inc.*,
   44 Cal. App. 5th 1125 (2020) .................................................................................9

16

17

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ...............................................................................14

18

19

*Truxel v. General Mills Sales, Inc.*,
   2019 WL 3940956 (N.D. Cal. Aug. 13, 2019) ............................................9, 10, 12

20

*Weiss v. Trader Joe's*,
   838 F. App'x. 302 (9th Cir. 2021) ..........................................................................7

21

22

*Werdebaugh v. Blue Diamond Growers*,
   2014 WL 7148923 (N.D. Cal. Dec. 15, 2014) .....................................................15

23

24

*Williams v. Cal.*,
   764 F.3d 1002 (9th Cir. 2014) ...............................................................................6

25

*Workman v. Plum Inc.*,
   141 F. Supp. 3d 1032 (N.D. Cal. 2015) .....................................................8, 11, 15

26

27

*Yu v. Dr Pepper Snapple Grp., Inc.*,
   2020 WL 5910071 (N.D. Cal. Oct. 6, 2020) ..............................................7, 12, 14

28

3:21-CV-09458-JD
MOTION TO DISMISS

1

**TABLE OF AUTHORITIES**
(continued)

2                                                                             **Page(s)**

3   STATUTES

4   7 U.S.C. § 5301(2) ..............................................................................................10, 13

5   7 U.S.C. § 5341(a)(1) ................................................................................................10

6   7 U.S.C. § 5341(a)(1)(2) ...........................................................................................13

7   7 U.S.C. § 5341(a)(2) ................................................................................................10

8   Cal. Bus. & Prof. Code § 17200 ..............................................................................6, 7

9   Cal. Bus. & Prof. Code § 17500 ..............................................................................6, 7

10  Cal. Civ. Code § 1750 ..............................................................................................6, 7

11  RULES

12  Fed. R. Civ. P. 12(b)(1) ...........................................................................................6, 7

13  Fed. R. Civ. P. 23(b)(2) ...............................................................................................6

14  Fed. R. Civ. P. 23(b)(3) ...............................................................................................6

15

16  REGULATIONS

17  21 C.F.R. § 101.60(c) ................................................................................................14

18  21 C.F.R. § 101.65(d) ........................................................................................2, 9, 13

19  21 C.F.R. § 101.65(d)(1)(ii) ......................................................................................14

20  21 C.F.R. § 101.65(d)(2)(F) ......................................................................................14

21  59 Fed. Reg. 24, 232 (May 10, 1994) .......................................................................13

22  59 Fed. Reg. 24, 244 (May 10, 1994) .......................................................................13

23

24

25

26

27

28

3:21-CV-09458-JD
                                                     MOTION TO DISMISS

1

## I.    INTRODUCTION

2

Plaintiffs' First Amended Complaint ("FAC") unearths a theory of deception even more

3

implausible than the one this Court has already rejected. Plaintiffs contend a "reasonable consumer"

4

will be misled into believing that Defendant Campbell Soup Company's V8 fruit and vegetable

5

juices ("V8 Juices") are the nutritional equivalent of raw fruits and vegetables. That theory is

6

incurably flawed under the "reasonable consumer" standard in multiple ways.

7

Plaintiffs' theory depends on the non-sensical inference that a "reasonable consumer" does

8

not understand the difference between raw, whole plants, and the juices that come from them—a

9

position that is facially implausible. The FAC's related assertion that consumers will believe that

10

two distinct foods are "nutritionally equivalent," FAC ¶ 34, is a theory that a panel of the Ninth

11

Circuit has unmistakably rejected: "[T]wo distinct food products necessarily have different

12

nutritional profiles…[I]t is not plausible that a reasonable consumer would 'assume that two

13

distinct products have the same nutritional content.'" *See Painter v. Blue Diamond Growers*, 757

14

F. App'x 517, 519 (9th Cir. 2018). That is particularly true here because V8 Juices' labels bear

15

accurate information regarding their nutritional content, an inarguable fact that was one of the

16

central premises of this Court's first dismissal order.

17

Moreover, nothing the FAC alleges as to V8 Juices' labels would prompt this implausible

18

belief as to "nutritional equivalence." For example, Plaintiffs now point to language on V8 Juices'

19

labels that state the products provide a specified amount of servings of fruits or vegetables based

20

on "Dietary Guidelines." FAC ¶¶ 17, 32. What the FAC fails to mention is that these statements

21

are true. United States Department of Agriculture ("USDA") Dietary Guidelines—promulgated at

22

the behest of Congress to provide consumers with science-based nutritional guidance—*do* say that

23

100% fruit and vegetable juices like V8 Juices are part of "healthy eating patterns" and so qualify

24

as servings of fruits and vegetables in part of an overall healthy diet.

25

Moreover, the FAC's "new" theory of deception is, in truth, just a re-run of arguments this

26

Court has already rejected. When pressed by this Court to explain why the sugar content of V8

27

Juices is purportedly misleading, Plaintiffs' Counsel repeatedly argued it was because consumers

28

believe that V8 Juices are the same thing as whole fruits. So, this Court took account of this theory

1   when it dismissed the initial Complaint, explaining that V8 Juices' labels truthfully provide

2   consumers all the information they need to decide whether to purchase the products.

3          And while the "reasonable consumer" defense is still independently sufficient to mandate

4   dismissal of the FAC in full, Plaintiffs' theory of deception is also expressly preempted. The FAC

5   still maintains that the reason V8 Juices are purportedly unhealthy is because of their sugar content.

6   But it remains true that V8 Juices contain significant amounts of vitamins, such that governing

7   FDA regulations expressly *allow* the products to be labeled "healthy."

8          For all these reasons, the FAC should be dismissed with prejudice.

9                          **II.      FACTUAL BACKGROUND**

10         **A.      The Court Dismissed the Initial Complaint as Implausible.**

11         Plaintiffs' initial Complaint challenged the labels of V8 Juices as misleading, principally

12  alleging they were not "healthy." *See* Compl. ¶¶ 1, 76–78, 93 (Dkt. No. 1). V8 Juices are made

13  from fruits and vegetables and so contain naturally occurring sugars present in those plants. *Id.*

14  ¶¶ 1, 75–76. Because of their beneficial nutritional content, V8 Juices are foods that federal

15  regulatory authorities have concluded are part of a "healthy" diet. *See* Campbell Motion to Dismiss

16  ("Mot. to Dismiss"), Dkt. No. 24 at 1–2, 11–13. To that end, FDA regulations expressly permit V8

17  Juices to bear the term "healthy" because they contain significant vitamin content and have none

18  of the nutrients that FDA regulations limit for foods bearing a "healthy" claim. *Id.* at 11, 13 (citing

19  21 C.F.R. § 101.65(d)).

20         Although the Complaint pointed to V8 Juices' sugar content as the source of the

21  unhealthfulness, *id.* ¶¶ 1, 76–78, 93, encompassed within Plaintiffs' theory of deception were

22  allegations that V8 Juices do not have the same nutritional benefits as "whole" fruits or vegetables.

23  *See* Compl. ¶ 28 (alleging "fruit and vegetable" consumption is more beneficial than juice

24  consumption); ¶ 35 n.21, ¶¶ 44, 71 (citing literature purporting to show benefits of "whole fruits").

25         Plaintiffs thus claimed V8 Juices' labels deceived consumers as to their nutritional content,

26  alleging that the labels misleadingly portrayed V8 Juices as healthier than they are. *Id.* ¶¶ 1, 76–78,

27  93. Plaintiffs alleged that they relied on the claim "Boost Your Morning Nutrition," which appears

28  on the back panel of the V8 Juices' labels, immediately adjacent to a series of undisputed factual

3:21-CV-09458-JD
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

1    statements about their nutritional content (*e.g.*, "antioxidant vitamins A & C") and alongside the

2    V8 Juices' Nutrition Facts Panel ("NFP"). *Id.* ¶¶ 84, 90; Compl. App'x. 1 (Dkt. No. 1-1); *see also*

3    Campbell's Request for Judicial Notice ("RJN") (Dkt. No. 49) Ex. A. Plaintiffs also challenged the

4    product name, "Healthy Greens." Compl. ¶¶ 1, 18, 77.

5            Campbell moved to dismiss on grounds that the labels were not misleading to a "reasonable

6    consumer," because the labels truthfully represented V8 Juices' nutritional content. *See* Dkt. No. 24

7    at 9–10. It also sought dismissal on preemption grounds because FDA regulations permit Campbell

8    to label the products "healthy" and the V8 Juices' sugar content does not limit use of that claim. *Id.*

9    at 11–13 (citing *Clark v. Perfect Bar, LLC*, 816 F. App'x 141 (9th Cir. 2020)).

10           At the May 26, 2022, hearing on Campbell's Motion to Dismiss, Plaintiffs' counsel

11   repeatedly characterized their allegations about the V8 Juices' sugar content as tethered to a

12   generalized theory that V8 Juices' labels deceived consumers into believing the V8 Juices had the

13   same benefits as whole fruits. *See* RJN Ex. C, ("Hearing Tr.") at 5:18–21 ("And when sugar is in

14   fruit it is encased in fiber and your body doesn't absorb it in the same way when you drink free

15   sugar because it goes directly into the bloodstream and your liver processes it."); *id.* at 6:8–13 ("[I]f

16   they were selling apple slices we wouldn't be here, but they're selling juice as if it is the same as

17   consuming the fruit and it's not….And eating an apple is fine, but drinking apple juice is not the

18   same for your body."); *id.* at 17:20–23 ("I think what their label in context as a whole is conveying

19   to consumers that they're going to get the same benefit as if they were to eat those fruits.); *id.* at

20   18:15–17 ("[A] lot of people in, wrongly in our opinion, in plaintiffs' position believe that juice is

21   healthy and they drink it in place of fruit.").

22           In response to these arguments, the Court observed that consumer protection laws do not

23   prohibit the sale of juice, or bar Campbell from truthfully describing the V8 Juices' nutritional

24   qualities. *Id.* at 5:23–24 ("That may be an appropriate public health issue but you're here on

25   consumer deception."); *id.* at 6:20–21 ("What does [the fact that apples and apple juice are not the

26   same] have to do with consumer deception? That's your claim.").

27           The Court granted Campbell's Motion to Dismiss the following day, dismissing the

28   Complaint in full on "reasonable consumer" grounds. *See* Order Re: Motion to Dismiss at 1

("Dismissal Order"), Dkt. No. 40. The Court rejected Plaintiffs' theories of deception as implausible, noting that the label communicates to a "reasonable consumer" information needed to make an informed purchase: "No reasonable consumer would be misled by the challenged phrases because the actual sugar content is plainly stated on the labels, along with disclosures of beneficial vitamin and nutrient content. Consequently, a reasonable consumer would have all the information he or she needed to decide whether the juices are a net benefit or detriment to personal health." *Id*. The Court noted the potential merit of Campbell's preemption-based arguments but declined to reach that issue. *Id*. at 2. Because it was the Plaintiffs' initial Complaint, the Court dismissed without prejudice. *Id*.

### B.     The FAC Alleges Consumers Mistakenly Believe the V8 Juices Are the Same as Whole Fruits and Vegetables.

Plaintiffs' FAC continues to posit that the V8 Juices' labels mislead consumers about the products' healthfulness. *See* FAC ¶ 33 (alleging the V8 Juices' labels are "false or at least highly misleading because the Products are harmful rather than beneficial to health"); *see also id.* ¶ 59. The FAC also asserts the theory—previously reflected in the initial Complaint and counsel's arguments to the Court (*see infra* Part II.A)—that the V8 Juices' labels mislead consumers into believing that they "provide the same nutritional and health benefits as eating whole fruits and vegetables." FAC ¶ 2; *id.* ¶¶ 14, 18–21, 32–34, 37, 58–60. The purported nutritional inferiority of the V8 Juices is once again tied to the fact that the products contain naturally occurring sugars that Plaintiffs allege is unhealthy. *Id.* ¶¶ 22–25, 29, 31, 34, 35, 41, 43 (alleging that fruit juice is unhealthy and its consumption should be limited because of sugar content).

The FAC further alleges Plaintiffs do not have the "specialized knowledge" needed to understand the "processing" that results in "whole fruits and vegetables" becoming "Juice." *Id.* ¶ 59. Plaintiffs claim they are ignorant of the fact that juices do not have the identical nutritional qualities of raw fruits or vegetables, *id.*, alleging that juice does not have the same fiber content as raw fruits or vegetables. *Id.* ¶ 22, 24. The FAC continues to challenge the "Boost Your Morning Nutrition" language on the rear panel of the V8 Juices' labels, and the "Healthy Greens" name for one variety, as creating this deception. *Id.* ¶¶ 33, 58, 117.

3:21-CV-09458-JD
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

The FAC now also includes other aspects of the labels are misleading, pointing to statements on the products labels that they contain "1 Serving of Veggies" or "1 Serving of Fruit"; that "8 fl. oz. has 1 serving of vegetables (1/2 cup)" or "8 fl. oz. has [1/2 or 1] serving of fruit"; that "Dietary Guidelines recommend 2 1/2 cups of a variety of vegetables and 2 cups of fruit per day for a 2,000 calorie diet"; and "images of whole fruits and vegetables." *Id.* ¶¶ 17–19 (collectively "Servings Claims"). These Servings Claims appear on the front, rear, and side panels of the V8 Juices' labels. *See* RJN Ex. A. So, as before, Plaintiffs' allegations that they reviewed these claims necessarily means that they reviewed the V8 Juice labels' NFP. *Id.* The NFP includes the amount of total sugar in each V8 Juice, along with the V8 Juices' fiber content, stated both in terms of quantity of fiber that amount's contribution to the percent Daily Value for that nutrient. *Id.* Ex. A. This information is presented with the V8 Juices' "beneficial vitamin and nutrient content," which is information this Court previously held a "reasonable consumer" could readily understand when deciding whether to purchase the V8 Juices. Dismissal Order at 1.

These additional aspects of the V8 Juices' labels now challenged in the FAC are truthful statements about the products' characteristics. The Servings Claims on the V8 Juices' labels are tied to the USDA Dietary Guidelines that explain that certain amounts of fruit and vegetable juices qualify as a serving of fruits and vegetables that comprise "healthy" eating patterns. *See* RJN Ex. B, at 040 (USDA, 2015-20 DGA (8th Ed.) (Dec. 2015) ("*Healthy eating patterns include* a variety of vegetables from all of the five vegetable subgroups—dark green, red and orange, legumes (beans and peas), starchy, and other. *These include…vegetable juices.*"); ("*Healthy eating patterns include* fruits, especially whole fruits. The fruits food group includes whole fruits and *100% fruit juice.*") (emphases added); *see also id.* at 101 (setting forth amounts of fruit or vegetable juice that qualifies under Guidelines as serving of fruits or vegetables).

The FAC also points to "pictures of fresh whole fruit and vegetables" that appear on both the front and rear panels of the V8 Juices' labels as purportedly misleading. *See* FAC ¶ 19; RJN Ex. A. In each instance, what is depicted corresponds with the fruits and vegetables used to make the V8 Juice, thus communicating the constituent ingredients in the food. *Id.* For example, the label for the "Purple Power" V8 Juice has pictures on its front and back panel of beets, purple carrots,

1  and apples. *Id.* These depictions conform to the fruit and vegetable juices in the product. *Id.* Ex. A,

2  at 001 ("concentrated juices of beets, purple carrots" and "apple juice" listed as ingredients in

3  Purple Power Juice). Although the FAC does not mention it, the images of the V8 Juices' fruit and

4  vegetable ingredients surround prominent additional language that explains that the products are

5  "Made With The Juices of 2 1/4 Pounds of Vegetables & Fruit." *Id.* So, the V8 Juices' labels overtly

6  explain that the fruits and vegetables depicted in these images identify the particular plants that

7  "The Juices" are "Made With." *Id.*

8      As before, the FAC asserts causes of action for violation of the Cal. Bus. & Prof. Code

9  § 17200 ("UCL"), § 17500 (FAL), Cal. Civ. Code § 1750 ("CLRA"), and for breach of express

10  warranty. FAC ¶¶ 82–121. Plaintiffs seek certification of a class of California consumers under

11  Fed. R. Civ. P. 23(b)(3) and (b)(2), seeking damages, equitable monetary remedies, and injunctive

12  relief. *Id.* ¶ 122 ("Prayer for Relief").

13              **III.    STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))**

14      1.    Whether Plaintiffs have plausibly alleged that the V8 Juice labels would mislead a

15  "reasonable consumer."

16      2.    Whether Plaintiffs' claims are expressly preempted.

17      3.    Whether Plaintiffs' requests for injunctive and equitable monetary relief are barred.

18      4.    Whether the FAC should be dismissed with prejudice given the prior pleading and

19  futility of amendment.

20                      **IV.    STANDARD OF REVIEW**

21      "[Rule 12(b)(6) requires that a complaint] . . . contain factual allegations sufficient to 'state

22  a claim to relief that is plausible on its face.'" *Williams v. Cal.*, 764 F.3d 1002, 1007 (9th Cir. 2014)

23  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he court [is not] required to

24  accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

25  unreasonable inferences." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir.

26  2018). Whether a complaint states a plausible claim is a "context-specific task that requires the

27  reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S.

28  662, 679 (2009). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges

1   the Court's subject-matter jurisdiction, including plaintiff's standing. Fed. R. Civ. P. 12(b)(1).

2   

**V.    ARGUMENT**

3   **A.    No Reasonable Consumer Is Misled by the V8 Juices' Labels.**

4   The FAC's UCL, FAL and CLRA claims are subject to review under the "reasonable

5   consumer" standard. *Moore v. Trader Joe's Co.*, 4 F.4th 874, 881 (9th Cir. 2021). To meet this

6   standard, a pleading must plausibly allege "that a significant portion of the general consuming

7   public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* at

8   882. Theories of deception that are implausible necessarily fail the "reasonable consumer" test.

9   Dismissal Order at 1; *see also Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).

10   Three further points of law bear heavily on the FAC's implausibility under the "reasonable

11   consumer" standard here. *First*, reasonable consumers are presumed to have a "common sense"

12   understanding of the basic nature of foods. *Weiss v. Trader Joe's*, 838 F. App'x. 302, 303 (9th Cir.

13   2021) ("Simply put, a reasonable consumer does not check her common sense at the door of the

14   store."); *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1165 (2018) ("If a claim of misleading

15   labeling runs counter to *ordinary common sense or the obvious nature of the product*, the claim is

16   fit for disposition at the [motion to dismiss] stage of the litigation.") (emphasis added). *Second,* the

17   V8 Juice's labels, in their entirety, must be considered when evaluating whether the FAC states a

18   plausible claim for relief. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020);

19   *accord* Dismissal Order at 1. And *third*, when a plaintiff's amended pleading advances the same

20   implausible theory of deception previously rejected under the "reasonable consumer" standard, then

21   a second dismissal—with prejudice—is proper. *Yu v. Dr Pepper Snapple Grp, Inc.*, 2020 WL

22   5910071, at *5 (N.D. Cal. Oct. 6, 2020) ("Plaintiff's reasonable consumer theory is not plausible

23   as a matter of law.") (rejecting amended complaint with same theory of deception; dismissing with

24   prejudice); *Parks v. Ainsworth Pet Nutrition, LLC*, 2020 WL 832863, at *2 (S.D.N.Y. Feb. 20,

25   2020) (same). Applying these principles, the FAC is subject to dismissal on multiple grounds.

26   ***First***, no "reasonable consumer" buys a bottle of 100% fruit and vegetable *juice* under the

27   mistaken impression that they are buying *whole* fruits and vegetables. A "reasonable consumer" is

28   perfectly capable of understanding the difference between raw fruits and vegetables, and the juice

made from those ingredients. *See Manchouk v. Mondelez Int'l Inc.*, 2013 WL 5400285, at *3 (N.D. Cal. Sept. 26, 2013) (reasonable consumer would understand that reference to "real fruit" includes purees); *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) ("Plaintiff concedes that the labels contain no affirmative misrepresentations and that all of the items pictured are actually present in the product."). The fact that the product is a "juice," not a raw fruit or vegetable, could not possibly be clearer. V8 Juices are sold in translucent bottles and consistently described on the labels as "Juice." *See* RJN Ex. A. And contrary to what is conclusorily alleged, *see* FAC ¶ 59, a "reasonable consumer" understands that to make V8 Juices a "process" must be applied to whole fruits and vegetables to extract the underlying juice. *Manchouk*, 2013 WL 5400285, at *3.

**Second**, no "reasonable consumer" would form the mistaken impression that V8 Juices have nutritional qualities *identical* to whole fruits or vegetables. FAC ¶ 20. A recent Ninth Circuit panel considered this exact theory and unambiguously rejected it: "[T]wo distinct food products necessarily have different nutritional profiles…[I]t is not plausible that a reasonable consumer would assume that two distinct products have the same nutritional content." *See Painter*, 757 F. App'x at 519 (affirming Rule 12 dismissal on "reasonable consumer" grounds of complaint alleging that defendant's labels might mislead consumers into believing almond milk was nutritionally equivalent to dairy milk). As in *Painter*, there is no dispute about the accuracy of V8 Juices' NFP, and so as a matter of law Plaintiffs' "nutritional equivalency" theory is foreclosed by the truth of the label itself. *Painter*, 757 F. App'x. at 519 ("The district court correctly concluded that no reasonable consumer could be misled by [defendant's] unambiguous labeling or factually accurate nutritional statements.") (internal quotation marks omitted); *accord Painter v. Blue Diamond Growers*, 2017 WL 4766510, at *2 (C.D. Cal. May 24, 2017) ("If the consumer is concerned about the nutritious qualities of the product, they can read the nutrition label—which Plaintiff does not allege is false or misleading."). This holding in *Painter*—that an accurate NFP discredits "nutritional equivalency" allegations—is also perfectly aligned with this Court's holding that the V8 Juices labels' disclosure of their "beneficial vitamins and nutrient content," Dismissal Order at 1, renders Plaintiffs' claimed deception implausible.

Moreover, Plaintiffs' "new" theory as to nutritional equivalency is tethered almost

exclusively to their allegation that consumers might be deceived about V8 Juices' fiber content. FAC ¶ 22. This is repudiated by the NFP itself, which discloses the precise level of that content. *See* RJN Ex. A. Other than this inadequate allegation, the FAC relies overwhelmingly on V8 Juices' sugar content as the basis of deception. *See* FAC ¶¶ 22–25, 29, 31, 34, 35, 41, 43. But this Court has already firmly rejected that theory. Dismissal Order at 1; *see also Truxel v. General Mills Sales, Inc.*, 2019 WL 3940956, at *4 (N.D. Cal. Aug. 13, 2019); *Clark v. Perfect Bar, LLC*, 2018 WL 7048788, at *1 (N.D. Cal. Dec. 21, 2018) (healthfulness deception based on sugar content implausible).

    ***Third***, because the specific claims on V8 Juices' labels that Plaintiffs attack are true, "reasonable consumer" law does not entitle Plaintiffs to assume that consumers will draw an implausible inference that the products have the exact nutritional qualities as raw fruits and vegetables. *Painter*, 757 F. App'x. at 519; *see also Shaeffer v. Califia Farms, Inc.*, 44 Cal. App. 5th 1125, 1139 (2020) ("[W]e are hesitant to adopt a theory upon which almost any advertisement extolling a product's attributes would be fodder for litigation.").

    The "Boost Your Morning Nutrition" claim, FAC ¶¶ 18, 33, is immediately adjacent to a series of undisputed nutritional facts about the product, including that it is comprised of fruits and vegetables and that it contains "antioxidant vitamins A & C." RJN Ex. A. The "Healthy Greens" statement, FAC ¶ 33, likewise accurately describes the ingredients and qualities of that V8 Juice. It contains juice from kale, spinach and cucumbers among its ingredients and qualifies—as do all of the V8 Juices— as "healthy" under FDA regulations. *See infra* Part III.B (all V8 Juices qualify as "healthy" under 21 C.F.R. § 101.65(d)). Neither claim implies the products have the exact same nutrients as raw fruits and vegetables. And the Court has already concluded these statements do not mislead a "reasonable consumer" into misunderstanding the healthfulness of the products generally. Dismissal Order at 1; *see also Truxel*, 2019 WL 3940956, at *4.

    Similarly, accurate claims that the V8 Juices provide a certain number of servings of fruits and vegetables are not reasonably interpreted as an implied message that the V8 Juices are nutritionally identical to raw fruits or vegetables. FAC ¶¶ 17–18, 32. The Servings Claims accurately reflect that USDA Dietary Guidelines classify fruit and vegetable juice as falling within

3:21-CV-09458-JD
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

the fruit and vegetable food groups, and so the USDA therefore considers juice to be among the variety of fruits and vegetables that comprise a "healthy" diet. *See, e.g.*, RJN Ex. B, at 040 (USDA Dietary Guidelines explaining that fruit and vegetable juices are part of "healthy eating patterns" and thus among the foods that qualify as a serving of fruits or vegetables). It is therefore entirely truthful for the labels to state the "Dietary Guidelines" qualify the juices as representing a serving of fruits or vegetables. *Id.* Plaintiffs might quibble with the USDA's determination that juices are part of "healthy eating patterns" and thus qualify as a serving of fruits or vegetables, but that that does not make these claims false or misleading. As this Court stressed during the hearing on Campbell's prior Motion to Dismiss, "That may be an appropriate public health issue but you're here on consumer deception." *See* RJN Ex. C, (Hearing Tr. at 5:23–24).

In all events, Plaintiffs would be wrong to discredit these statements as contrary to public health objectives. Congress has already decided that the USDA's Dietary Guidelines serve the express purpose of providing "nutritional and dietary information and guidelines for the general public . . . promoted by each Federal agency in carrying out any Federal food, nutrition, or health program." *See* 7 U.S.C. § 5341(a)(1); *see also* 7 U.S.C. § 5301(2) (one of the enumerated "purposes" of the Dietary Guidelines is to "provide a scientific basis for the maintenance and improvement of the nutritional status of the people of the United States and the nutritional quality (including, but not limited to, nutritive and nonnutritive content) of food consumed in the United States"). The USDA in turn must base the Guidelines "on the preponderance of the scientific and medical knowledge which is current at the time the report is prepared." *Id.* § 5341(a)(2). The Servings Claims thus fully comport with federal nutritional guidance intended to benefit public health based on prevailing science. *Id.* No "reasonable consumer" would be misled by these aspects of the V8 Juices' labels. *Moore*, 4 F.4th at 885 ("reasonable consumer" not misled by an allegedly misleading ingredient statement that complied with relevant FDA Guidance). And while Plaintiffs can be predictably expected to try to now discredit this USDA resource, their prior Complaint cited these same Guidelines as instructive for recommended juice consumption. *See* Compl. ¶ 72.

Last, the pictures of fruits and vegetables on the labels do not communicate to a "reasonable consumer" that the V8 Juices have the exact same nutritional content as the plants depicted. FAC

3:21-CV-09458-JD
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

¶ 19. They instead convey nothing more than the fact that the V8 Juices draw their juice from those particular fruits and vegetables. *Workman*, 141 F. Supp. 3d at 1035; *see also Chuang v. Dr Pepper Snapple Grp.*, 2017 WL 4286577, at *4 (C.D. Cal. Sept. 20, 2017) ("Plaintiff does not adequately allege how the images and statements are false, in particular because an independent review of the product labels reveals that the statements are not false, as the products do contain the fruits and vegetables depicted, are made with fruit and vegetable juice, and contain 100% of the daily value of Vitamin C."). Although there is no deception to dispel on this point, the V8 Juices' labels contain additional explanatory language that they are "Made With The Juices" of a specified quantity of the fruits and vegetables depicted. RJN Ex. A. So, any possible ambiguity about what is meant by the images of fruits and vegetables is addressed by this prominent explanatory "Made With" statement. *Moore*, 4 F.4th at 882 (full label including qualifying language must be considered).

**Fourth,** insofar as the FAC's "nutritional equivalence" theory encompasses a claim that "reasonable consumers" are misled into believing that the V8 Juices are "healthy" when they purportedly are not, FAC ¶¶ 15, 18, 20, 33–34, this is implausible because it is *truthful* to communicate that the V8 Juices promote good health as part of a balanced diet. Fruit and vegetable juices are food sources the USDA and FDA have determined, based on nutritional science, provide positive nutrients and whose consumption should be encouraged. *See* Mot. to Dismiss at 3, 10–11. So, under FDA regulations the V8 Juices all qualify to carry an express statement that they are "healthy." *See infra* Part V.B. To accept Plaintiffs' theory would directly contravene federal nutritional guidance and binding regulations, effectively making it *per se* deceptive under state consumer protection laws to say anything positive about the beneficial qualities of fruit and vegetable juice. This sort of sweeping rule, as this Court already observed, is beyond the reach of consumer protection law and improperly attempts to enlist courts as free-ranging health agencies. RJN Ex. C, (Hearing Tr. at 18:19–20) ("Well, it's not Campbell's burden to change the world about juice.").

**Fifth,** the FAC's theory that the V8 Juices' labels mislead consumers into believing that the products have the same nutritional qualities as whole fruits or vegetables was encompassed in the prior Complaint, and so this Court has therefore *already* rejected it. *See* Dismissal Order at 1; *see*

3:21-CV-09458-JD
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

*supra* Part II.A. While the Complaint focused heavily on the V8 Juices' sugar content, Compl. ¶¶ 1, 76–78, 93, that pleading also included the broader argument that the V8 Juices are not healthy when compared to the nutritional benefits of whole fruits and vegetables. *See id.* ¶¶ 28, 35 n.21, 44, 71.

Thus, when the Court questioned the plausibility of Plaintiffs' assertions pertaining to sugar, Counsel repeatedly framed the V8 Juices' sugar content as a proxy for their actual position that the products' labels communicated that the V8 Juices had the same benefits of fruits or vegetables. *See* RJN Ex. C, (Hearing Tr. at 5:18–20; 6:7–13; 18:15–18); *id.* at 17:20–23 ("Well, again, I think what their label in context as a whole is conveying to consumers that they're going to get the same benefit as if they were to eat those fruits").[1] These repeated characterizations of the Complaint by Counsel are binding on Plaintiffs. *In re Adamson Apparel, Inc.*, 785 F.3d 1285, 1294 (9th Cir. 2015) ("A party . . . is bound by concessions made in its brief or at oral argument."). So, the Court's ruling the next day that the V8 Juices' labels give "a reasonable consumer [] all the information he or she need[s] to decide whether the juices are a net benefit or detriment to personal health," Dismissal Order at 1, necessarily embraced the FAC's assertion that the labels purport to mislead consumers into believing that the V8 Juices have nutritional profiles identical to "whole fruits and vegetables." FAC ¶ 2. A pleading that re-states the same defective theory is necessarily inadequate. *Yu*, 2020 WL 5910071, at *5.

For all these reasons, the FAC does not survive review under the "reasonable consumer" standard. And because the FAC does not state a claim for relief under that standard, the warranty claim also fails. *Yu*, 2020 WL 5910071, at *7; *Truxel*, 2019 WL 3940956, at *4 (theory inadequate under reasonable consumer standard means warranty claims dismissed).

### B.    Plaintiffs' Claims Are Preempted.

Although the "reasonable consumer" defense is independently sufficient to defeat

---

[1] The Court acknowledged Plaintiffs' Counsel's arguments that the Court should treat the Complaint as having advanced a theory that the V8 Juices labels communicated to consumers that the products were nutritionally identical to whole fruits and vegetables. RJN Ex. C, (Hearing Tr. at 6:20–21) ("What does [the fact that apples and apple juice are not the same] have to do with consumer deception?"); *id.* at 18:19–20 ("Well, it's not Campbell's burden to change the world about juice."). The skepticism the Court expressed at the hearing, *id.*, thus comports with an interpretation that the subsequent Dismissal Order rejected the theory.

3:21-CV-09458-JD
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

Plaintiffs' claims, the FAC also fails as preempted by the Nutrition Labeling and Education Act ("NLEA"). As noted in the Dismissal Order, the Ninth Circuit held in *Clark v. Perfect Bar LLC*, 816 F. App'x 141 (9th Cir. 2020), that claims challenging the healthfulness of foods because of their sugar content are preempted, particularly where those foods otherwise qualify as "healthy" under FDA regulatory standards. *See* Dismissal Order at 2 (citing *Clark*). As Campbell previously explained, every single V8 Juice challenged in this case qualifies as "healthy" under federal standards because of their significant Vitamin A and C content, and because they do not contain any of the nutrients that the FDA deems disqualifying to make a "healthy" claim. *See* Mot. to Dismiss at 12–13 (citing 21 C.F.R. § 101.65(d) ("healthy" nutrient content claims)). Sugar is not among the disqualifying nutrients for a healthy claim. *See* 59 Fed. Reg. 24,232, 24,244 (May 10, 1994). As interpreted by *Clark*, these regulations preempt state laws that challenge labeling communicating a "healthy" message simply because the product contains sugar. 816 F. App'x at 143 ("[a]llowing a claim of misbranding under California law based on misleading sugar level content would 'indirectly establish' a sugar labeling requirement 'that is not identical to the federal requirements,' a result foreclosed by our precedent.").

Although the FAC has a superficially heightened emphasis on its "fruit equivalency" theory of deception, the FAC nonetheless continues to repeatedly allege that the net impression promoted by the V8 Juices' labeling is that the products are "healthy." FAC ¶¶ 49, 52, 55 (all plaintiffs alleging deception based on challenged "labeling claims and images that were intended to appeal to consumers interested in healthy products"); FAC ¶¶ 18, 20, 27, 34, 35-36, 43 (similar allegations that V8 Juices misleadingly portrayed as "healthy"). And, similarly, the FAC continues to allege that the reason V8 Juices are purportedly "unhealthy" is because of their sugar content. *Id.* ¶¶ 22-25, 29, 31, 34, 35, 41, 43 (sugar content in juice renders it unhealthy). So, in substance, the FAC remains barred by the logic of *Clark*, because Plaintiffs' claims would "indirectly establish" a sugar labeling requirement not identical to federal law. 816 F. App'x at 142–43. The strength of this regulatory argument is buttressed further here, because the products under consideration are juices that qualify as foods that Dietary Guidelines confirm are part of "healthy eating patterns." RJN Ex. B, at 040; *see also* 7 U.S.C. §§ 5301(2); 5341(a)(1)(2) (Dietary Guidelines provide "general public

with nutritional advice," are intended to "improve[] the nutritional status" of consumers' diets, and are based on "scientific knowledge [that is] current.").

*Clark* applies with particular force to the "Healthy Greens" variety of V8 Juice, as FDA regulations expressly permit Campbell to use the word "healthy." *See* 21 C.F.R. § 101.65(d)(2)(F). And per § 101.65(d)(1)(ii), the "Healthy Greens" claim is made "in connection with" "explicit or implicit claim(s) or statement(s) about a nutrient": "with antioxidant vitamins A & C" and "No Sugar Added." *See* 21 C.F.R. § 101.60(c); *accord Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1073 (N.D. Cal. 2017). This rationale can be readily extended to the remaining challenged claims, as they appear in connection with information that points to positive nutrients the FDA has determined qualify the V8 Juices as "healthy" foods. *See supra* Part IV.A.

### C.      Plaintiffs Are Not Entitled To Their Requested Equitable Remedies.

Although the proper disposition of the FAC is dismissal in full, Plaintiffs also seek equitable remedies they are unentitled to and that should be dismissed.

*First*, Plaintiffs lack Article III standing for injunctive relief, because they have not plausibly alleged threatened future harm. *See Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1113 (9th Cir. 2017), *as amended on denial of reh'g en banc*, 889 F.3d 956, 969–70 (9th Cir. 2018). Plaintiffs' entire case hinges on the assertion that the V8 Juices are inherently unhealthy because they are juice. FAC ¶¶ 22–25, 29, 31, 34, 35, 41, 43. Their allegation of future purchase intent if the products are "reformulated," FAC ¶ 68, is thus implausible. Indeed, the FAC's boilerplate retention of a request for injunctive relief is completely illogical—Campbell cannot "reformulate" juice into raw fruits or vegetables. Nor would removing the challenged claims cause the V8 Juices to stop being juice. There is thus no plausible allegation of future purchase intent sufficient to support Article III standing for injunctive relief. *Yu*, 2019 WL 2515919, at *5 (no standing to seek injunctive relief when "Plaintiff has not alleged that he would purchase the products-in-question if the representation 'Natural' or 'All Natural Ingredients' was removed").

*Second*, Plaintiffs' request for equitable monetary relief still fails, because they do not allege they lack an adequate remedy at law as required by *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). Plaintiffs seek restitution under the UCL and FAL, *i.e.*, the money they claim

3:21-CV-09458-JD
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

they overpaid for the V8 Juices. FAC ¶¶ 97, 105; *Werdebaugh v. Blue Diamond Growers*, 2014 WL 7148923, at *8 (N.D. Cal. Dec. 15, 2014). That remedy is entirely duplicative of their request for compensatory relief under the CLRA and for breach of warranties. FAC ¶¶ 114, 121. The requested restitutionary relief is thus barred. *Werdebaugh*, 2014 WL 7148923, at *8; *Johnson v. Trumpet Behav. Health, LLC*, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022).

### D.    The FAC Should Be Dismissed With Prejudice.

Dismissal with prejudice is appropriate where amendment would be futile, *Cattaneo v. Am. Airlines, Inc.*, 2015 WL 5610017, at *3 (N.D. Cal. Sept. 24, 2015), or a plaintiff "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed," *Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 122 (N.D. Cal. 2020). Both things are true here. The V8 Juices' labels have already been deemed non-misleading, Dismissal Order at 1, and the FAC points to no plausible set of facts to alter that conclusion. Amendment would thus be futile. *Workman*, 141 F. Supp. 3d at 1037 ("[T]he labels at issue are not deceptive, and the labels themselves cannot be changed by a new complaint, [so] any amendment would be futile."). This is also Plaintiffs' second attempt to salvage an otherwise defective lawsuit; a third attempt should not be permitted. *Collette v. Wyeth Pharm., Inc.*, 2020 WL 3414701, at *3 (Donato, J.) (N.D. Cal. Jun. 22, 2020) (dismissing with prejudice where prior opportunities to amend did not cure complaint's deficiencies).

### VI.    CONCLUSION

For the foregoing reasons, Campbell respectfully requests this Court dismiss Plaintiffs' FAC with prejudice.

3:21-CV-09458-JD
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

1

2
DATED:  July 26, 2022                                 **PERKINS COIE LLP**

3
                                                     By: */s/ Charles C. Sipos*

4
                                                          David T. Biderman, Bar No. 101577
                                                          DBiderman@perkinscoie.com
5
                                                          PERKINS COIE LLP
                                                          505 Howard Street, Suite 1000
6
                                                          San Francisco, California 94105
                                                          Telephone:     415.344.7000
7
                                                          Facsimile:     415.344.7050

8
                                                          Charles C. Sipos, *Pro Hac Vice*
                                                          CSipos@perkinscoie.com
9
                                                          PERKINS COIE LLP
                                                          1201 Third Avenue, Suite 4900
10
                                                          Seattle, Washington 98101
                                                          Telephone:     206.359.8000
11
                                                          Facsimile:     206.359.9000

12
                                                          Attorneys for Defendant Campbell
                                                          Soup Company
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28