UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE BANTA YOSHIDA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPBELL SOUP COMPANY,<br><br>Defendant. | Case No. 3:21-cv-09458-JD<br><br>**ORDER RE MOTIONS TO DISMISS AND STAY** |

This is a putative class action brought by consumers against defendant Campbell Soup Company (Campbell) for providing deceptive and misleading labeling on its V8 fruit and vegetable juices. The Court granted Campbell's prior motion to dismiss the complaint, and gave plaintiffs leave to amend. Dkt. No. 40. Plaintiffs filed an amended complaint, Dkt. No. 45 (FAC), and Campbell has asked again to dismiss, Dkt. No. 48. The parties' familiarity with the record is assumed, and the FAC is dismissed with leave to amend.

The initial complaint alleged that the sugars occurring naturally in the fruits and vegetables used in Campbell's V8 juices made label phrases such as "boost your morning nutrition" and "healthy greens" deceptive to consumers. Dkt. No. 1 ¶ 1. In effect, plaintiffs suggested that fruit and vegetable juices with no sugar added during processing were inherently unsafe for people to drink. Dismissal was warranted as "[n]o reasonable consumer would be misled by the challenged phrases because the actual sugar content is plainly stated on the labels, along with disclosures of beneficial vitamin and nutrient content." Dkt. No. 40 at 1.

The FAC did not materially improve this shortfall. As before, plaintiffs take issue with the labels' promise that the V8 juices will "boost your morning nutrition," Dkt. No. 45 ¶ 18, citing health risks said to be associated with the consumption of fruit juices. *See, e.g.*, *id.* ¶ 21 ("consuming the Juice Blends is likely to increase risk of disease"); ¶ 23 ("fruit juice may be

1  counterproductive to overall health in some categories") (internal quotation omitted).  The new
2  allegations in the FAC are that the labels depict "fresh whole fruit and vegetables," *id.* ¶ 19, say
3  that the juices contain a number of servings of vegetables and fruit, and state that "[d]ietary
4  guidelines recommend 2½ cups of a variety of vegetables and 2 cups of fruit per day for a 2,000
5  calorie diet," *id.* ¶ 17 (internal quotation omitted).  Plaintiffs say that this would mislead a
6  reasonable consumer into believing that V8 juices "provide the same or similar health benefits as
7  eating healthy whole fruits and vegetables."  *Id.* ¶ 20.

8        These new allegations suffer from the same concern that sank the initial complaint, namely
9  that a reasonable consumer would not believe that a container of processed juice sold on a
10 grocery's dry goods shelf would provide the same benefits as eating a fresh and unprocessed fruit
11 or vegetable.  *See Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1165 (2018).  It may be, as
12 plaintiffs suggest, that whole fruits are loaded with fiber, while V8 juices contain scant fiber, Dkt.
13 No. 45 ¶¶ 22-24, but no reasonable consumer would understand otherwise.  The labels expressly
14 advise consumers about the negligible amount of dietary fiber in the juices.  *See* Dkt. No. 45-1.
15 To be sure, a consumer might grab a bottle of juice off the aisle as a quick nutritional hit, but to
16 say that Campbell misled consumers into thinking that its juices and fresh produce were
17 equivalents goes too far in light of the information disclosed on the labels.

18       Campbell's use of the phrase "boost your morning nutrition" does lead to a different
19 conclusion.  Plaintiffs say the phrase is misleading because fruit juice is not as healthy as whole
20 fruit and regular consumption of fruit juice carries health risks.  Dkt. No. 45 ¶¶ 33-34.  Again,
21 maybe so, but the phrase does not convey that it is as healthy as whole fruit.  That is all the more
22 true in that the phrase is next to the disclosures of the juice's vitamin and nutrient content, which
23 plainly state exactly the nutritional values the consumer would get.  *See Becerra v. Dr*
24 *Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019).

25       While the question of consumer deception can be a factual matter unsuitable for resolution
26 on a pleadings motion, *see Milan v. Clif Bar & Co.*, No. 18-cv-02354-JD, 2019 WL 3934918, at
27 *2 (N.D. Cal. Aug. 20, 2019), plaintiffs have not alleged "factual content that allows the court to
28 draw the reasonable inference that the defendant is liable for the misconduct alleged" as informed

by "judicial experience and common sense." *Cannara v. Nemeth*, 467 F. Supp. 3d 877, 882 (N.D. Cal. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)), *aff'd*, 21 F.4th 1169 (9th Cir. 2021). In light of plaintiffs' prior opportunities to amend, a dismissal of the case would be permissible at this time. Even so, the Court will allow plaintiffs one final opportunity to plausibly allege a claim against Campbell. There may be circumstances in which relevant survey data can "make plausible the allegation that reasonable consumers are misled by" a product's labels and representations. *Becerra*, 945 F.3d at 1231. The FAC has not demonstrated that, but the Court cannot say at this point that it is impossible for plaintiffs to do.

Plaintiffs may file an amended complaint by January 3, 2022, that is consistent with this order. A failure to meet this deadline will result in a dismissal of the case with prejudice under Federal Rule of Civil Procedure 41(b). As before, the Court declines to reach Campbell's contention that plaintiffs' claims are preempted. Dkt. No. 40 at 2; Dkt. No. 48 at 12. Campbell's request for judicial notice, Dkt. No. 49, is denied. Campbell's request to stay discovery, Dkt. No. 55, is granted. Pleadings motions typically do not stay discovery, and it is not the Court's usual practice to do so, but the circumstances here warrant a stay until a plausible claim is stated.

**IT IS SO ORDERED.**

Dated: December 2, 2022

JAMES DONATO
United States District Judge